STATE of Wisconsin, Plaintiff-Appellant,

v.

John J. HARTWIG, Defendant-Respondent.†

Court of Appeals

*No. 2006AP2804–CR. Submitted on briefs April 10, 2007.
—Decided May 1, 2007.*

## 2007 WI App 160

(Also reported in 735 N.W.2d 597.)

† Petition to review denied 8/14/07.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jeffrey J. Kassel*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Wright C. Laufenberg* of *Laufenberg Law Offices* of Merrill.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. The State of Wisconsin appeals an order granting John Hartwig's motion to suppress evidence obtained by Department of Natural Resources wardens. The court concluded Hartwig's consent to search his truck was involuntary because he had been seized by the wardens. We conclude the court utilized an incorrect test in analyzing Hartwig's motion and, accordingly, we reverse the order and remand the case for further proceedings.

## Background

¶ 2. Wardens Frederick Peters and Ronald Nerva responded to a report of illegal ATV operation on DNR land. There were two trucks in the parking area off a wooded lot. One was registered to Hartwig and one was registered to Jeffrey Roberts. Nerva looked inside the vehicles and observed, in the passenger compartment of Hartwig's truck, a magazine from what he estimated to be a .45 caliber gun. The wardens then observed tire tracks leading away from the area, which they followed, encountering Hartwig and Roberts. Peters asked who had the firearm. Hartwig lifted his shirt to show a holster, from which Peters removed a .22 caliber pistol. Nerva asked about the larger weapon, and Hartwig said it was at home. Peters directed Hartwig and Roberts to go back to their trucks.

¶ 3. Back at the parking area, Peters asked if there were any other weapons. Hartwig said there were none. Peters asked if he could look in Hartwig's truck, and Hartwig agreed. When Peters was unable to open the passenger door, Hartwig opened the driver's door for him. Hartwig also helped Peters open the center console. During the search, Peters found burnt and folded tinfoil that appeared to contain methamphet-

amine residue. Peters handcuffed Hartwig and conducted a pat-down search, finding a "sniffer" pipe[1] with residue.

¶ 4. The wardens called the sheriff for transport because, in addition to what Hartwig possessed, Roberts had drug paraphernalia and marijuana. While they were waiting, Nerva asked the men about methamphetamine (meth) use while operating the ATVs. Both Hartwig and Roberts admitted they had been using meth in the woods. Neither had been advised of his *Miranda* rights.[2] Hartwig filed a motion to suppress the foil scrap, the sniffer, and his statement about using meth in the woods.

¶ 5. The court found that although Hartwig agreed to the search of his truck when the wardens asked, his consent was not valid. Relying on *State v. Jones*, 2005 WI App 26, 278 Wis. 2d 774, 693 N.W.2d 104, the court reasoned that Hartwig had effectively been arrested and "a reasonable person in the Defendant's position would not have felt free to deny the warden's request to search his vehicle." Accordingly, it granted the motion to suppress the foil.[3]

---

[1] A "sniffer" pipe is a type of drug paraphernalia.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] The court also granted the motion to suppress Hartwig's statement, because it had been given without the benefit of *Miranda*. The court denied the motion to suppress the sniffer because it was seized incident to arrest. The State does not challenge the statement's suppression and Hartwig does not challenge the denied portion of his motion. Additionally, in arguing against the suppression motion for the foil, the State argued that Hartwig consented to the search and that the wardens had probable cause to search Hartwig's truck. On appeal, the State argues only that the consent was valid and does not raise the issue of probable cause.

## Discussion

██

¶ 6. A search conducted without a warrant or probable cause is, subject to a few specific exceptions, per se unreasonable under the Fourth and Fourteenth Amendments. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). One of these specific exceptions is consent. *Id.*

¶ 7. Consent must be voluntary, a "free, intelligent, unequivocal and specific consent without any duress or coercion, actual or implied." *State v. Wallace*, 2002 WI App 61, ¶ 17, 251 Wis. 2d 625, 642 N.W.2d 549. Voluntariness of consent is a question of constitutional fact subject to a two-part standard of review. *State v. Phillips*, 218 Wis. 2d 180, 195, 577 N.W.2d 794 (1998). We defer to the trial court's findings of evidentiary or historical facts, but we independently apply constitutional principles to those facts. *Id.* As applicable here, the question of whether consent was given is an evidentiary fact; whether consent was voluntarily given is a legal conclusion. *Wallace*, 251 Wis. 2d 625, ¶ 16.

¶ 8. Voluntariness is determined by looking at the totality of the circumstances, including events surrounding the consent and the character of the individual whose consent is sought. *Id.*, ¶ 17. No single criterion controls. *Id.*; *see also Schneckloth*, 412 U.S. at 226. The State bears the burden of showing, by a preponderance of the evidence, that consent was voluntary. *Wallace*, 251 Wis. 2d 625, ¶ 17.

¶ 9. Here, the court concluded that the wardens seized Hartwig when they encountered him and Roberts on their ATVs in the woods. The court further held:

> Once back at the truck and in custody, a reasonable person in the Defendant's position would not have felt free to deny the warden's request to search his vehicle. Because he had been seized for purposes of the Fourth Amendment at the time that he granted the consent for the search of his vehicle, his consent was invalid. **State v. Jones**, [2005 WI App 26,] 278 Wis. 2d 774, 788 [693 N.W.2d 104] (2005).

The court therefore suppressed evidence seized from the truck.

¶ 10. However, the court misread *Jones*. It appears to have relied on the last paragraph of that case, which reads:

> We conclude that, in view of all of the circumstances surrounding [co-defendant] O'Neal's consent, a reasonable person would not have felt free to ignore [Officer] Multer's questions and request to search the vehicle. Because O'Neal was seized for purposes of the Fourth Amendment at the time he gave consent for the search of his vehicle, his consent was invalid.

*Jones*, 278 Wis. 2d 774, ¶ 23. Read alone, this paragraph seems to suggest one cannot give valid consent if one is seized by or in custody of law enforcement at the time of granting consent. However, such a reading ignores the remainder of the *Jones* opinion and runs afoul of long-standing precedent that "the fact of custody alone has never been enough in itself to demonstrate a coerced . . . consent to search." *United States v. Watson*, 423 U.S. 411, 424 (1976).

■

¶ 11. The question in *Jones* was not about voluntariness of consent, but whether the defendant was lawfully seized under the Fourth Amendment when he consented to a search. *Jones*, 278 Wis. 2d 774, ¶ 7. Lawful seizure is necessary because "a search authorized by consent is wholly valid *unless* that consent is given while an individual is illegally seized." *Id.*, ¶ 9 (emphasis added).

■

¶ 12. The test for voluntariness of consent is not mentioned in *Jones*. Rather, the discussion focused on the test for determining whether a seizure has occurred, *id.*, ¶ 10, and the questionable use of the "Badger" technique for obtaining consent "even though the officer has no legal basis to further detain the person."[4] *Id.*, ¶¶ 4, 11. But the reasonable person test the court took from *Jones* and applied to Hartwig goes to the seizure, not consent: "A person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the

---

[4] The "Badger" technique occurs when a law enforcement officer concludes a traffic stop and essentially releases the driver, indicating in some manner that the driver may leave. However, nearly immediately after indicating to the driver that the stop is concluded and before the driver can leave the scene, the officer asks a follow-up question, normally about contraband, then asks the driver for consent to search the vehicle. *See State v. Jones*, 2005 WI App 26, ¶¶ 4, 11, 278 Wis. 2d 774, 693 N.W.2d 104; *State v. Williams*, 2002 WI 94, ¶¶ 7–12, 255 Wis. 2d 1, 646 N.W.2d 834. Our chief justice opined that such a stop "obviously takes advantage of the fact that motorists think that they are obliged to answer questions and not leave the scene." *Williams*, 255 Wis. 2d 1, ¶ 43 (Abrahamson, C.J., dissenting). The terminology is no longer in use. *Id.*, ¶ 7.

incident, a reasonable person would have believed that he [or she] was not free to leave." *Id.*, ¶ 10 (quoting *United States v. Mendenhall*, 446 U.S. 544, 554–55 (1980)).

¶ 13. Here, the court concluded Hartwig had been seized, even suggesting that an arrest had been effectuated, but that the seizure was lawful.[5] Thus, the holding of *Jones* is inapplicable. Rather, the court should have applied the totality of the circumstances test. *See Wallace*, 251 Wis. 2d 625, ¶ 17. Under that test, "custody is one factor to be considered in determining voluntariness, [but] it is not in itself dispositive." *Id.*, ¶ 18.

¶ 14. The trial court concluded as a factual matter that Hartwig gave consent. The remaining question, a question of law, is whether that consent was voluntary. *See id.*, ¶ 16. The undisputed facts of record indicate that it was. The wardens made no misrepresentations of their purpose or authority. Indeed, their authority was evident by their uniforms and weapons. Any seizure was lawful, but Hartwig was not immediately placed in handcuffs or otherwise restricted or confined. When Peters had difficulty opening the truck door and console, Hartwig actively assisted—not just acquiesced—by opening the compartments for the warden. Finally, although the only personal characteristic of Hartwig on record is his age of forty, there is nothing suggesting he was particularly vulnerable to police

---

[5] The court found "the 'sniffer pen' was seized pursuant to a search incident to an arrest which had occurred, at least de facto, 1/4 mile down the road." Thus, the court concluded Hartwig had been seized in the woods, not at his truck, and that it was a lawful seizure—otherwise, it would have suppressed the sniffer as evidence.

intimidation. *See id.*, ¶ 22. Hartwig's consent was "given in the absence of duress or coercion, either express or implied."[6] *See Phillips*, 218 Wis. 2d at 197. Evidence from the truck should not have been suppressed.

*By the Court.*—Order reversed and cause remanded for further proceedings.

---

[6] Hartwig complains he was subjected to custodial interrogation, without his *Miranda* warnings, and this is indicative of some treachery by the wardens. However, any interrogation came after the search and is therefore irrelevant to the question of voluntariness.